## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-58-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| FELIX VANSLYKE, JR., | |
| Defendant. | |

## I.  Synopsis

Defendant Felix Vanslyke, Jr. (Vanslyke) has been accused of violating the conditions of his supervised release.  Vanslyke admitted the alleged violation. Vanslyke's supervised release should be revoked.  Vanslyke should receive a custodial sentence of time served, with 35 months of supervised release to follow. Vanslyke should begin his term of supervised release on home confinement. Vanslyke should be restricted to his residence at all times except for activities pre-approved by his probation officer.  Vanslyke should be placed in a residential re-entry center on the earliest possible date.  Vanslyke should serve up to 180 days in a residential re-entry center, as directed by his probation officer.

## II.  Status

Vanslyke pleaded guilty to being a Felon in Possession of a Firearm on March 21, 2017.  (Doc. 20).  The Court sentenced Vanslyke to 30 months of custody, followed by 3 years of supervised release.  (Doc. 25).  Vanslyke's current term of supervised release began on May 13, 2020.  (Doc. 40 at 1).

### Petition

The United States Probation Office filed a Petition on August 9, 2021, requesting that the Court revoke Vanslyke's supervised release.  (Doc. 40).  The Petition alleged that Vanslyke had violated the conditions of his supervised release by consuming alcohol.

### Initial appearance

Vanslyke appeared before the undersigned for his initial appearance on August 31, 2021.  Vanslyke was represented by counsel.  Vanslyke stated that he had read the petition and that he understood the allegations.  Vanslyke waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on August 31, 2021.  Vanslyke admitted that he had violated the conditions of his supervised release by

2

consuming alcohol.  The violation is serious and warrants revocation of Vanslyke's supervised release.

Vanslyke's violation is a Grade C violation.  Vanslyke's criminal history category is V.  Vanslyke's underlying offense is a Class C felony.  Vanslyke could be incarcerated for up to 24 months.  Vanslyke could be ordered to remain on supervised release for up to 36 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 7 to 13 months.

### III.  Analysis

Vanslyke's supervised release should be revoked.  Vanslyke should receive a custodial sentence of time served, with 35 months of supervised release to follow.  This sentence is sufficient but not greater than necessary.  Vanslyke should begin his term of supervised release on home confinement.  Vanslyke should be restricted to his residence at all times except for activities pre-approved by his probation officer.  Vanslyke should be placed in a residential re-entry center on the earliest possible date.  Vanslyke should serve up to 180 days in a residential re-entry center, as directed by his probation officer.

### IV.  Conclusion

The Court informed Vanslyke that the above sentence would be recommended to United States District Judge Brian Morris.  The Court also

3

informed Vanslyke of his right to object to these Findings and Recommendations

within 14 days of their issuance.  The Court explained to Vanslyke that Judge

Morris would consider a timely objection before making a final determination on

whether to revoke his supervised release and what, if any, sanction to impose.

Vanslyke stated that he wished to waive his right to object to these Findings and

Recommendations, and that he wished to waive his right to allocute before Judge

Morris.

The Court **FINDS:**

> That Felix Vanslyke, Jr. violated the conditions of his supervised release
> consuming alcohol.

The Court **RECOMMENDS:**

> That the District Court revoke Vanslyke's supervised release
> and commit Vanslyke to the custody of the United States Bureau of
> Prisons for a term of time served, with 35 months of supervised
> release to follow.  Vanslyke should begin his term of supervised
> release on home confinement.  Vanslyke should be restricted to his
> residence at all times except for activities pre-approved by his
> probation officer.  Vanslyke should be placed in a residential re-entry
> center on the earliest possible date.  Vanslyke should serve up to 180
> days in a residential re-entry center, as directed by his probation
> officer.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations.  Failure

to timely file written objections may bar a de novo determination by the district

court judge, and may waive the right to appear and allocute before a district court

judge.

    DATED this 2nd day of September, 2021.


John Johnston
United States Magistrate Judge